IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 10, 2010 Session

## IN RE: VICTORIA S.

**Appeal from the Circuit Court for Sullivan County**
No. C38073     Hon. E.G. Moody, Judge

**No. E2009-01238-COA-R3-JV - FILED MAY 11, 2010**

The Department of Children's Services filed a Motion in Juvenile Court, seeking adjudication that Victoria S. was a severely abused child pursuant to Tenn. Code. Ann. §37-1-102. Upon an adverse ruling in the Juvenile Court, the State appealed to the Circuit Court where the Trial Court held that DCS had failed to prove by clear and convincing evidence that the mother knowing failed to protect the child, but held that the mother was guilty of severe child abuse, based upon her criminal conviction. On appeal, we reverse the Judgment of the Trial Court.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  D. MICHAEL SWINEY, J., and JOHN W. MCCLARTY, J., joined.

Robbie C. Lewis, Kingsport, Tennessee, for the appellant, Wanda B.

Robert E. Cooper, Jr., Attorney General and Reporter, and Douglas Earl Dimond, Senior Counsel, Nashville, Tennessee, for the appellee, State of Tennessee, Department of Children's Services.

**OPINION**

This matter originated in the Juvenile Court of Sullivan County as a dependent/neglected case involving three children. The mother, Wanda B., was charged and convicted in the Criminal Court of Sullivan County with aggravated child abuse and aggravated child neglect. The Department of Children's Services filed a Motion in the Juvenile Court seeking an adjudication that Victoria S. was a severely abused child pursuant to Tenn. Code Ann. §37-1-102, thus relieving the Department of the responsibility of exercising reasonable efforts to reunify the family.

The Juvenile Court had previously found that the evidence did not show that the mother knew that her husband was abusing Victoria, and apparently declined to adjudicate her as severely abused, although the order is not in this record.

The Department filed an appeal to the Circuit Court, where a *de novo* trial was held as to the mother, Wanda, and her husband. Several witnesses testified, including two of the children, a detective from the Sheriff's Department, DCS workers, and the children's psychologist. At the beginning of the hearing, the Department's attorney stated the mother had been convicted of aggravated child abuse and aggravated child neglect, and stated, "we rest on proof on . . . [the mother] on aggravated child abuse, just the convictions. Under the definition of severe child abuse, aggravated child abuse conviction, I think under definition 21, subsection C, a conviction like that is automatic severe child abuse because they have a less standard."

The court then asked the mother's attorney if he had any statements with regard to her case, and he said that he wanted the Court to reserve ruling on that until the end, so that he could cross-examine witnesses. The Court stated the mother's attorney had the right to call witnesses and also cross-examine witnesses, and that judgment on the mother's case would be withheld pending testimony.

After the proof was presented, the Court ruled that the Department had failed to prove by clear and convincing evidence that the mother knowingly failed to protect one of the children from sexual abuse by her husband, primarily based on the testimony of the child that she did not tell her mother about the abuse until after she had been removed from the household. The Court also found, however, that the mother was guilty of severe child abuse based solely on her criminal conviction.

On appeal, the mother raises the issue of whether the Trial Court erred in ruling the mother was guilty of severe child abuse based solely on her criminal conviction?

The mother argues the Trial Court erred in finding that she was guilty of severe child abuse based solely on her criminal conviction for aggravated child abuse and aggravated

child neglect pursuant to Tenn. Code Ann. §39-15-402. She argues that this statute is not listed in those that are enumerated in the definition of severe child abuse, and thus her convictions standing alone would be insufficient to support such a finding. The Department responds by admitting that the mother's argument has merit, but stating that it is waived because she failed to raise it at trial.

The definition of "severe child abuse" found in Tenn. Code Ann. §37-1-102 includes:

(A) The knowing exposure of a child to or the knowing failure to protect a child from abuse or neglect that is likely to cause great bodily harm or death and the knowing use of force on a child that is likely to cause great bodily harm or death;  * * *

(C) The commission of any act towards the child prohibited by §§39-13-502–39-13-504, 39-13-510, 39-13-522, 39-15-302, and 39-17-1005 or the knowing failure to protect the child from the commission of any such act towards the child; . . ..

The mother was convicted under Tenn. Code Ann. §39-15-402, which is not listed under subsection (C) of the above statute, and therefore, as DCS concedes in its brief, such a conviction standing alone will not support a finding of severe child abuse. The Court specifically found that the Department also failed to prove that the mother knowingly failed to protect the child from abuse under subsection (A), and the Department has not appealed that finding; thus, there was no basis for the adjudication of severe child abuse by the Trial Court.

The Department argues that the mother cannot advance this issue now because she failed to raise it at trial. This position, however, fails to account for the fact the mother's attorney was allowed the opportunity to call and cross-examine witnesses at trial even after the convictions were presented, as the Court reserved ruling on the case against the mother until the entire hearing was over. Moreover, the hearing involved proof relating to both the mother and her husband, and the witnesses testified regarding what the mother knew, what she was told, and what she did. Although the Department stated at the beginning of the hearing that it was relying solely on the mother's convictions, the Trial Court did not make a ruling at that time, and then the proof was presented to include much testimony about the mother's involvement. In closing arguments, the Department's attorney argued not only regarding the mother's convictions, but also relied on the proof that was presented regarding the mother's acts/failure to act, and closed by saying, "we're asking for . . . [the mother] based on her convictions be found guilty of severe child abuse and also . . . [the mother] has failed to protect and failed to believe her daughter."

The mother's attorney argued that the proof was insufficient to show severe child

-3-

abuse because there was no proof the mother hurt the children or that she knew her husband had until the children were removed, in spite of the convictions. Thus, based on the evidence, it is clear that the Department did not rely solely on the mother's convictions as was originally stated, and therefore the mother's attorney did not waive this issue by failing to object at the trial when other proof was introduced regarding the mother's actions. We find the Department's argument is without merit, and the Trial Court's ruling is reversed as the evidence does not establish a basis for a finding of severe child abuse.

The Judgment of the Trial Court is reversed and the State of Tennessee, Department of Children's Services is taxed with the cost of the appeal.

_____
HERSCHEL PICKENS FRANKS, P.J.